UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RUFUS WEST,

Plaintiff,

v. Case No. 20-cv-282-pp

LT. SWIEKATOWSKI, *et al.*,

Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO PAY FILING FEE OUT OF RELEASE ACCOUNT (DKT. NO. 2) AND ORDERING PLAINTIFF TO SUBMIT REQUEST TO PROCEED WITHOUT PREPAYING THE FULL FILING FEE**

---

Plaintiff Rufus West, a Wisconsin state prisoner representing himself, filed a complaint alleging that the defendants violated his rights under federal law. Dkt. No. 1. He also filed a motion to pay the filing fee out of his release account. Dkt. No. 2. In this motion, the plaintiff stated that he was incarcerated and unemployed and that, while he did not have enough money in his regular account to pay the filing fee, he had about $400 in his release account. Id. The court will deny the plaintiff's motion and require him to submit a request for leave to proceed without prepaying the full filing fee within fourteen days of the date of this order.

A week after the plaintiff filed his complaint and motion to pay the filing fee from his release account, he submitted his six-month prisoner trust fund account statement. Dkt. No. 5. On March 9, 2020, the court ordered the plaintiff to forward to the Clerk of Court the sum of $13.37 as an initial partial filing fee. Dkt. No. 6. In that order, the court stated that once it received the

initial partial filing fee, it would review the complaint to determine whether to grant the plaintiff to leave to proceed without prepaying the full filing fee. Id. at 4. The plaintiff submitted the $13.37 on March 26, 2020.

The court made a mistake when it said that the plaintiff had filed a request for leave to proceed without prepaying the full filing fee. Although the plaintiff submitted his trust account statement and paid the $13.37 as ordered by the court, the plaintiff never has asked for leave to proceed without prepaying the filing fee. If the plaintiff wants to proceed without prepaying the filing fee, he must submit a request for leave to do so by the end of the day on **September 4, 2020**. Along with this order, the court will provide the plaintiff the appropriate request form, a Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee.

Turning to the plaintiff's motion to pay the filing fee from his release account, while it is true that this court has the authority to order disbursements from a prisoner's release account for payment of an initial partial filing fee, see, *e.g.*, Doty v. Doyle, 182 F. Supp. 2d 750, 751-52 (E.D. Wis. 2002), it is less clear that the court can authorize a prisoner to tap into his release account to pay current (or future) litigation costs. "Nothing in the [PLRA] can be interpreted as congressional intent that prisoners deplete savings or release account balances in order to pay off their filing fee debts." Wilson v. Anderson, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a

release account" and the absence of any statutory authority compelling the court to do so) (citations omitted). The court will deny the plaintiff's motion to pay the full filing fee from his release account.

The court **DENIES** the plaintiff's motion to pay filing fee out of release account. Dkt. No. 2.

The court **ORDERS** the plaintiff to submit the request to proceed without prepaying the full filing fee by the end of the day on **September 4, 2020.**

Dated at Milwaukee, Wisconsin this 20th day of August, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**