UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUFUS WEST,

                 Plaintiff,

v.                                                             Case No. 20-cv-0282-bhl

LT. SWIEKATOWSKI,
CAPT BAUMAN,
WARDEN SCOTT ECKSTEIN, and
CINDY O'DONNELL,

                 Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 9) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

Rufus West, an inmate at the Green Bay Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 9, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 9)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

1

On March 9, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $13.27. Dkt. No. 6. The plaintiff paid that fee on March 26, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.[1]

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

---

[1] On March 10, 2020, in West v. Eckstein, Case No. 18-cv-1277 (E.D. Wis.), this court addressed the plaintiff's litigation history and determined that, under *Turley v. Gaetz*, 625 F.3d 1105 (7th Cir. 2010), it did not appear that the plaintiff had accumulated three "strikes" under 28 U.S.C. §1915(g) despite the fact that the Court of Appeals for the Seventh Circuit determined in February 2010 (pre-*Turley*) that he had accrued three strikes. *See West v. Eckstein*, Case No. 18-cv-1277 (E.D. Wis.), dkt. no. 13 at 2-9.

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. The Plaintiff's Allegations

The plaintiff alleges that on January 9, 2017, Conduct Report #2922467 charged him with violating prison rules DOC 303.28 (Disobeying Orders) and 303.31 (Lying). Dkt. No. 1 at 2. He states that two days later, defendant Captain Baumann designated the conduct report as a "major" conduct report, reportedly because the charges are "designated as a Major Offense by 303.71(2)." *Id.* The plaintiff says that the charges are not listed under 303.71. *Id.*

The plaintiff alleges that on January 19, 2017, defendant Lieutenant Swiekatowksi held the due process hearing for Conduct Report #2922467. *Id.* During the hearing, the plaintiff allegedly discovered that Lt. Swiekatowski was not going to allow his witnesses to testify, reportedly because the plaintiff's witness request was received late due to the weekend and the Martin Luther King, Jr. holiday. *Id.* The plaintiff states that Lt. Swiekatowski also refused to intervene and correct Capt. Bauman's error classifying the conduct report as a "major" under 303.71(2). *Id.* at 3.

3

Next, the plaintiff alleges that in March 2017, defendant Warden Eckstein refused to intervene in that he approved Captain Bauman and Lt. Swiekatowski's actions, which defendant DOC Secretary Designee Cindy O'Donnell approved. *Id.*

The plaintiff alleges that on May 3, 2018, Dane County Circuit Court Judge Josann M. Reynolds overturned the guilty decision in Conduct Report #2922467, in *Rufus West a/k/a Muslim Mansa Lutalo Iyapo v. Eckstein, et al.*, Case No. 17CV1564. Dkt. No. 1 at 3. Judge Reynolds allegedly held that prison officials violated the plaintiff's constitutional right to present his witnesses and the court issued a rehearing. *Id.* The plaintiff states that at the May 25, 2018 rehearing on Conduct Report #2922467, the hearing officer found him not guilty of the charges, based on his witnesses' testimony, and dismissed the charges. *Id.*

The plaintiff claims that the defendants' actions violated his rights under the Fourteenth Amendment, which caused him to suffer significant and atypical hardship. *Id.* Specifically, the plaintiff says that he was sentenced to 120 days in the "hole," denied parole, denied release beyond his January 2019 presumptive mandatory release date, denied numerous transfers to a lower security prison and denied congregate Islamic services while he was in the hole. Id. In addition, the plaintiff alleges that he was strip searched, lost his prison job and lost his single cell. *Id.* He seeks $1,000,000 from each defendant. *Id.* at 4.

**C. Analysis**

A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)).

Disciplinary segregation can trigger due process protections. *Marion v. Columbia Correctional Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (citations omitted). When making the determination whether an inmate was entitled to such protections, courts analyze "the combined import of the duration of the segregative confinement and the conditions endured by the prisoner during that period." *Id.* If conditions in segregation are significantly harsher than those in the normal prison environment, then a liberty interest may arise even when the duration of the segregation, standing alone, would not trigger such an interest. *Id.* at 697-98. "[S]ix months of segregation is not such an extreme term and, standing alone, would not trigger due process rights." Id. at 698 (quoting *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)). The plaintiff alleges that he was sentenced to 120 days in the "hole" and he has not alleged any specific conditions that he faced in segregation that would enable the court to determine whether the conditions were significantly harsher than those in the normal prison environment. Thus, he has not alleged the deprivation of a liberty interest based his time in the "hole."

The denial of the plaintiff's parole and the denial of his release beyond his January 2019 presumptive mandatory release date do not implicate liberty interests under the due process clause. Parole statutes do not give rise to a protectable liberty interest when they provide that parole is discretionary. *Kendrick v. Hamblin*, 606 F. App'x 835, 837-38 (7th Cir. 2015) (citing *Bd. of Pardons v. Allen*, 482 U.S. 369, 378 (1987); *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006)). That is the case with Wisconsin's law authorizing presumptive release: it enables the parole commission to exercise its discretion to deny parole to otherwise eligible prisoners. *See Bd. of Pardons*, 482 U.S. at 378; *Grennier,* 453 F.3d at 444; *State v. Stenklyft*, 281 Wis.2d 484, 697 N.W.2d 769, 790 (2005).

5

In addition, the denial of the plaintiff's transfer to a lower security prisoner did not implicate a liberty interest. *See Meisberger v. Cotton*, 181 F. App'x 599, 600 (7th Cir. 2006); *see also King v. Fairman*, 997 F.2d 259, 262 n.4 (7th Cir. 1993) ("an inmate has no liberty interest in confinement at any particular state prison" and "prison officials may effect discretionary transfer of an inmate without implicating the due process clause"); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

Likewise, the plaintiff did not have a liberty or property interest in his prison job, so the loss of the job could not violate his due process rights. *See Grady v. Kinder*, 799 F. App'x 925, 927-28 (7th Cir. 2000) (citing *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (removal from prison job does not implicate liberty or property interests)) (abrogated on other grounds by *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020)). And the plaintiff does not explain how being strip searched or losing his single cell deprived him of a liberty interest. *See Bell v. Wolfish*, 441 U.S. 520, 542 (1979) (there is no "'one man, one cell' principle lurking in the Due Process Clause").

In sum, the plaintiff has not alleged that he suffered the deprivation of a liberty or property interest. The court will allow the plaintiff an opportunity to file an amended complaint regarding whether the conditions he was subjected to in the "hole" for 120 days implicated a liberty interest.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and

each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its complaint form and instructions. The plaintiff must write the word "Amended" at the top of the first page of the form, before the word "Complaint." He must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court back to his original complaint, rather than repeating in the amended complaint any of the facts from the original complaint that are necessary to his claims.

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 9.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by **October 16, 2020**. If the plaintiff files an amended complaint by the above deadline, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

7

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the $336.63 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

diligently pursue it.  The parties must notify the clerk of court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 2nd day of October, 2020.

**BY THE COURT:**

s/ Brett H. Ludwig_____
**BRETT H. LUDWIG**
**United States District Judge**